**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
EVA PINEDA-HERRERA, et al.,

                          **Plaintiffs,**　　　　　　　**MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER**

      -against-
　　　　　　　　　　　　　　　　　　　　　　　　　　**09-CV-5140 (RLM)**

**DA-AR-DA, INC.,**
*doing business as*
**La Riqueza Restaurant, et al.,**

                          **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      At the Final Pretrial Conference held on February 11, 2011, this Court directed the parties to address the effect of defense counsel's belated assertion that defendants Da-Ar-Da, Inc. and Romelia Benitez (collectively, "defendants") may not be "an enterprise engaged in commerce or the production of goods for commerce," one of the bases for enterprise coverage under the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. §§ 206(a), 207(a)(1); Minute Entry at 2 (Feb. 11, 2011), E.C.F. Docket Entry ("D.E.") #25 ("A dispute [has] arise[n] over whether the defense has raised any claim that the entity fails to meet the $500,000 statutory threshold [for enterprise liability under the FLSA]. Plaintiff shall file a letter-brief on this issue by 2/15/11; defendants' response is due by 2/17/11.")  Plaintiffs Eva Pineda-Herrera and Sandra Martinez ("plaintiffs") subsequently noted that defendants' Answer to the Complaint admits that, "[a]t all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)."  Letter Brief by Sandra

Martinez, Eva Pineda-Herrera (Feb. 15, 2011) ("Pl. Letter"), D.E. #27 (quoting Complaint ¶ 71 (Nov. 23, 2009), D.E. #1); Answer by Da-Ar-Da, Inc., Romelia A. Benitez ¶ 1 (Jan. 19, 2010), D.E. #2 (admitting the allegation in question). Defendants responded, one day after the February 17th deadline, characterizing the admission as an attorney error and seeking leave to amend their Answer to deny the coverage allegation. Letter by Da-Ar-Da, Inc. at 1-2 (Feb. 18, 2011) ("Def. Letter"), D.E. #29.

Under Rule 15 of the Federal Rules of Civil Procedure, courts grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks and citations omitted). A Rule 15(a) motion for leave to amend may be denied for "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603 (2d Cir. 2005) (citing Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

Nevertheless, Rule 15(a) is not the only provision governing consideration of belated motions for leave to amend. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, this Court was required to set out a scheduling order to, *inter alia*, "limit the time to . . . amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Such a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings,

ensuring that 'at some point both the parties and the pleadings will be fixed.'" Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-340 (2d Cir. 2000) (citing Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b))). In Parker, the Second Circuit considered the interplay between these two provisions, and held that motions for leave to amend after the expiration of the Rule 16(b) deadline could be granted only upon a finding of good cause. Parker, 204 F.3d at 340.

Defendants have not established good cause to amend the answer. The motion to amend was itself not timely filed, and defendants have presented no explanation for its late submission. The deadline for amending the pleadings expired on April 5, 2010. See Calendar Order (Feb. 3, 2010), D.E. #4. While defendants' counsel articulated a reason for the apparent pleading error (*viz.*, attorney oversight, Def. Letter at 1), and the Court accepts as true this perfunctory explanation, that rationale does not amount to good cause at this late stage of the proceeding, and certainly cannot outweigh the prejudice plaintiffs would suffer if the Court were to allow an amendment less than one week before trial. The first time that defense suggested that he was exploring the coverage defense occurred at the Final Pretrial Conference, on the eve of trial, several months after the close of discovery. This timing, along with the belated submission of defendants' motion, demonstrates a distinct lack of diligence. See Parker, 204 F.3d at 340 (noting that "a finding of 'good cause' [for a belated amendment] depends on the diligence of the moving party."). Plaintiffs could scarcely have been expected to conduct sufficient discovery on an issue formally conceded by defendants in the earliest stages of this litigation. To reopen the issue of enterprise coverage could irretrievably

prejudice plaintiffs' ability to present their case.

For the foregoing reasons, defendants' motion for leave to amend their Answer is denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 22, 2011**

                                           **ROANNE L. MANN**
                                           **UNITED STATES MAGISTRATE JUDGE**